**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH D. SADLER, II,** | ) | |
| on behalf of herself and certain classes, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 06 C 5045** |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) | **Judge Rebecca R. Pallmeyer** |
| **MRC RECEIVABLES CORPORATION, and** | ) | |
| **ENCORE CAPITAL GROUP, INC.,** | ) | |
| formerly known as MCM Capital Group, Inc., ) | | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Midland Credit Management, Inc., MRC Receivables Corp., and Encore Capital Group, Inc., are in the business of purchasing and attempting to collect on charged-off debt. Plaintiff Kenneth D. Sadler II filed this lawsuit under the Fair Debt Collection Practices Act ("FDCPA"), after Defendants sent him a letter threatening legal action over an allegedly time-barred credit card debt. The FDCPA prohibits debt collectors from falsely representing "the character, amount, or legal status of any debt" or threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(2)(A), (5). Of central importance to Plaintiff's claim is his allegation that Defendants cannot produce a written contract containing the essential terms of his original debt agreement, so that Defendants' attempt to collect his debt was subject to Illinois's five-year statute of limitations for oral contracts, as opposed to the state's ten-year statute of limitations for written contracts. *Compare* 735 ILCS 5/13-205 *with* 735 ILCS 5/13-206. Plaintiff filed a motion to certify the suit as a class action, but this court denied the motion after determining that Plaintiff had failed to propose an identifiable class. No. 06 C 5045, 2008 WL 2692274, at *5 (N.D. Ill. July 3, 2008).

Plaintiff now proposes a revised class definition in an amended motion for class certification and an accompanying motion for leave to file an amended complaint.  In his original motion for class certification, Plaintiff proposed a class of (1) all natural persons with Illinois addresses; (2) who were sued or received correspondence referring to "legal action"; (3) on or between a date one year prior to the filing of this action and twenty days after the filing of this action; (4) with respect to a debt that was charged off five years or more prior to the filing of the lawsuit or the date of the correspondence; (5) as to which Defendants cannot produce a writing that identifies the parties, states the date of the agreement, contains the parties' signatures, and sets forth the terms of the parties' agreement.  (Compl. ¶ 37.)  In response to this court's concern that identifying such class members would necessitate arduous individualized inquiries, Plaintiff now proposes a more limited definition.  The revised class includes: (1) all natural persons with Illinois addresses; (2) who were sent a "3A68 Pre-Legal" letter [the type of form letter sent to Plaintiff]; (3) on or between a date one year prior to the filing of this action and twenty days after the filing of this action; (4) with respect to a debt originally owed to First Consumers National Bank ("FCNB"); (5) where both the date of charge-off and the date of last payment (prior to the sending of the "3A68 Pre-Legal" letter), as shown by Defendant's records, were more than five years prior to the date of the correspondence. (Pl.'s Am. Mot. for Class Cert.)  The proposed definition thus narrows the class to consumers whose debt originated with FCNB, a bank that went out of business in 2003, as opposed to all other financial institutions from which Defendants have acquired charged-off debts.  (Pl.'s Mem. in Support of Am. Mot. for Class Cert. [hereinafter "Pl.'s Mem."] at 3.)

In addition to meeting the requirements spelled out in Federal Rule of Civil Procedure 23, Plaintiff bears the burden to prove that his proposed class definition results in an identifiable class. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).  That accomplished, a certifiable class must meet the four prerequisites of Rule 23(a) (numerosity, commonality, typicality, and adequate representation), and must also qualify as one of three "Types of Class Actions" defined

in Rule 23(b).  When considering class certification, the court does not presume true Plaintiff's assertions, but rather makes such factual and legal inquiries as are necessary to determine the propriety of certification under Rule 23.  *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001).

Plaintiff's amended motion for class certification does define an identifiable class.  An identifiable class must be ascertainable through "objective criteria," *Lau v. Arrow Fin. Servs., LLC*, 245 F.R.D. 620, 624 (N.D. Ill. 2007), such that the information necessary to determine membership is ascertainable through "ministerial review" rather than "arduous individual inquiry."  *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366, 370 (N.D. Ill. 2008).  Although Defendants make much of the shortcomings of their own database, they do suggest that their records contain the information required by Plaintiff's amended class definition, including origin of debt, date of discharge, date of any partial payment, and date of correspondence.  (Defs.' Supp. Class Cert Opp. at 2–5, 8.)  An automated query of Defendant's records might turn up false positives, but no evidence suggests that a manual review of the results could not weed out the false positives or would require factual or legal inquiry beyond the records themselves.  Such a review might prove "administratively burdensome," but a review for such straightforward "objective criteria" nevertheless remains ministerial in nature.  *Ramirez*, 250 F.R.D. at 370 (holding that identifiability had been achieved in a FDCPA action, where class membership depended upon whether written contracts had been attached to the debt collector's complaints against consumers).

In particular, Defendants have expressed reservations concerning their ability to determine whether particular class members actually received the letters that Defendants mailed.  Defendants did not have in place a monitoring system that tracked mail that was returned unopened, and therefore cannot determine which class members would actually be protected by the FDCPA.  This argument fails, however, when considered against Seventh Circuit precedent and the purposes of the statute generally.  Construing a different provision of the FDCPA that required a debt collector

3

to "send the consumer a written notice," the Seventh Circuit held that, at least for the purpose of recovering statutory damages, the statute did not require proof that the plaintiff actually *read* the allegedly confusing letter, only that it was *sent*. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) (quoting 15 U.S.C. § 1692g(a)); *see also Nichols v. Northland Groups, Inc.*, No. 05 C 2701, 2006 WL 897867, at *8 (N.D. Ill. Mar. 31, 2006) (citing *Bartlett*, 128 F.3d at 499).   While the court recognized some ambiguity as to whether "send" implies receipt of the letter or merely mailing, *Bartlett*, 128 F.3d at 499, this court does not need to address that question here because the provision of the FDCPA allegedly violated by Defendants prohibits simply the "use" of deceptive means to collect a debt.   15 U.S.C. § 1692e.   In other words, "all that is required for statutory damages under the FDCPA is 'proof that the statute was violated,' not 'proof that the recipient of the letter was misled.'" *Nichols*, 2006 WL 897867, at *8 (quoting *Bartlett*, 128 F.3d at 499).   The court thus concludes that, at least for the purpose of a statutory damages claim, Defendants' simple act of mailing letters with allegedly misleading information constitutes a "use" of such prohibited language.   The proposed amended class definition therefore does not put Defendants to the burden of determining whether individual class members actually received the letters.

By limiting the class definition only to members of FCNB, which went out of business in 2003, Plaintiffs have cured the concern that much of the necessary information was not in Defendants' files at all.   In its earlier ruling, this court observed that the need to contact the original creditors rendered the earlier class definition particularly problematic. *Sadler*, 2008 WL 2692274, at *5.   Here, however, no inquiry to the original creditor would be necessary or even possible, as that party is no longer in existence.   Defendants argue that they should not be prejudiced merely because the bank is now defunct, but the court concludes that Plaintiff also should not be prejudiced merely because an otherwise permissible class could be defined too broadly.   The period for class membership begins in September 2005, over two years after FCNB commenced liquidation.   The court is now satisfied, based on the limited class definition, that information now

4

existing in Defendants' databases "'shows or could show' whether individuals should be included in the proposed class" without resort to materials existing outside the databases. *Id.* (quoting *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, No. C 06-2069 SBA, 2008 WL 413749, at *8 (N.D. Cal. Feb. 13, 2008)). Should any manual examination be required to determine whether false positives appeared in the database query, the court is satisfied that the limited number of FCNB customers uncovered in Defendant's initial search—approximately 1,000—is sufficiently small for the Defendants to remove manually .

Defendants' final argument against Plaintiffs' motions is that they are untimely. This argument requires little discussion. Courts are granted wide discretion to permit amendment of pleadings, and indeed are encouraged by the Federal Rules to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(3). Here, although Plaintiff did not file the amended complaint or the amended motion for class certification until well after the deadline set forth in the Rule 16 order, Plaintiff could not have reasonably known that such amended filings were required until after the court's July 3, 2008 Memorandum Opinion and Order denying the original motion for class certification. Plaintiff filed the amended complaint and motion less than two weeks after this order, a delay that is neither unreasonable nor unfair to Defendants. The court thus has no difficulty concluding that both the amended complaint and the amended class definition were made within a reasonable time frame. *E.g.*, *Zenith Radio Corp. v. Hzeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

Defendants have not demonstrated that individual issues—such as the existence of contracts for some but not all class members—predominate over common issues in the newly proposed class. Furthermore, Plaintiff maintains that Defendants have produced all the card member agreements pertaining to FCNB customers and that none of them constitutes a contract under Illinois law. While reserving decision on the question of contract construction, the court concludes that individuals whose debts arose from the same creditor are likely to be subject to

substantially similar, if not identical, agreements, and Defendants have presented nothing relating solely to FCNB customers that undermines that conclusion.  Certification of Plaintiff's proposed class is therefore appropriate.

## **CONCLUSION**

For the reasons given above, the court grants Plaintiff's amended motion for class certification [147] and motion for leave to file an amended complaint [145].  The court hereby certifies a class as follows: (1) all natural persons with Illinois addresses; (2) who were sent a "3A68 Pre-Legal" letter; (3) on or between September 18, 2005 and October 8, 2006; (4) with respect to a debt originally owed to First Consumers National Bank ("FCNB"); (5) where both the date of charge-off and the date of last payment (prior to the sending of the "3A68 Pre-Legal" letter), as shown by Defendant's records, were more than five years prior to the date of the correspondence.

ENTER:

Dated: March 31, 2009

_____

REBECCA R. PALLMEYER
United States District Judge